### B. F. MORAN, ET AL., v. COMMONWEALTH.

**Principal and Agent.**

> No one is bound as surety, by the act of an agent unless the authority of the agent is in writing, signed by the principal.

> Where one whose name is signed to a writing by an agent is sued on the writing, he can only raise the question as to the agent's authority by pleading; and where he pleads non est factum it must then be shown that the agent was empowered by writing to sign the defendant's name.

APPEAL FROM FRANKLIN CIRCUIT COURT.

January 8, 1880.

OPINION BY JUDGE COFER:

The record shows that the notices were mailed as required by the statute, the defect in the record as originally filed having been cured by certiori on which copies of the notices and the auditor's certificate upon each has been brought up.

The statute declares that no person shall be bound as surety by the act of an agent, unless the authority of the agent is in writing, signed by the principal. But when a person whose name is signed to a writing by an agent is sued on the writing, he can only raise the question as to the authority of the agent by pleading. If he pleads non est factum it must be shown that the agent was empowered by writing to sign his name, but until he does plead the signature will be treated as properly made. There is no plea in this case nor anything which made it the duty of the commonwealth to prove that the agent had a written power of attorney to sign the name of York.

The amount of the judgment is fixed, and the 2% for the attorney general's fee may be ascertained by a simple calculation, such as is to be made in ascertaining the amount of interest due on a judgment.

Judgment *affirmed*.

*P. Palmer, J. W. Dycus, for appellants. Moss, for appellee.*